IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SSL SERVICES, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>CISCO SYSTEMS, INC.,<br><br>    Defendant. | Case No. 2:15-cv-00433<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF SSL'S SURREPLY TO DEFENDANT CISCO'S MOTION
TO TRANSFER VENUE TO THE DISTRICT OF MASSACHUSETTS**

Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler (*pro hac vice*)
*bill.sigler@fischllp.com*
Jennifer K. Robinson (*pro hac vice*)
*jennifer.robinson@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Fourth Floor
Washington, DC 20015
(202) 362-3500

David M. Saunders (*pro hac vice*)
*david.saunders@fischllp.com*
S. Desmond Jui (*pro hac vice*)
*desmond.jui@fischllp.com*
FISCH SIGLER LLP
96 North Third Street
Suite 260
San Jose, CA 95112
(650) 362-8200

Harry "Gil" Gillam
*gil@gillamsmithlaw.com*
Melissa R. Smith
*melissa@gillamsmithlaw.com*
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
(903) 934-9257

Dated: August 4, 2015

*Attorneys for Plaintiff SSL Services, LLC*

Defendant Cisco's reply brief continues to ignore the substantial time and resources that this Court recently devoted to the same '011 Patent in the prior *SSL v. Citrix* litigation—in pre-trial, at trial, and on post-trial motions. In addition to the "paramount" judicial economy arising from this Court's *Citrix* work, Cisco disregards the absence of any party headquarters or ties that any SSL witness, expert witness, or third-party witness has to Cisco's preferred Massachusetts forum. Its transfer request is thus even weaker than the transfer request rejected by the Federal Circuit's *Vicor* ruling (among others). Instead, Cisco's reply tries to: (1) read in a Federal Circuit rule that "judicial economy" only counts if this Court has another "co-pending" case on that same patent; (2) quibble with a *Citrix* record that otherwise underscores this Court's extensive involvement with the '011 Patent; and (3) re-write SSL's arguments, the case law described fully and accurately in SSL's brief, and even Cisco's own prior arguments. None of these efforts help Cisco carry its burden to show that Massachusetts is a "far more convenient" forum than this Court. It is not. Cisco's motion should be denied.

## ARGUMENT

In its opening brief, Cisco urged that the "convenience" factors all favor transfer to Massachusetts and that this Court's prior consideration of the '011 Patent in the *Citrix* case was "negligible" and could not forestall transfer based on judicial economy. (D.I. 23, Cisco Br. 8-14.) As SSL explained, that Cisco theory is wrong on law and fact. On the law, the Federal Circuit has rejected any "bright-line rule" requiring transfer even if "all of the convenience factors," but not judicial economy, "clearly" support transfer. (D.I. 25, SSL Br. 8.) And on the facts, this Court's prior consideration of the '011 Patent-in-suit in *Citrix* was far from "negligible"; indeed, it was extensive, having devoted substantial judicial resources to address that Patent and all the related infringement, invalidity, willfulness, and damages issues, both at claim construction, via summary-judgment and several other pretrial motions; during a five-day jury trial; and again when rendering a 25-page opinion on numerous '011 Patent issues. (SSL Br. 2-3, 6-9.) Compared to the cases holding that a court's involvement with a patent was more than "negligible" to deny transfer, this Court's consideration of the '011 Patent in *Citrix* was similar

or even more extensive. (*Id.*) And the other convenience factors do not clearly favor Massachusetts either. Neither party is based there. Nor any SSL witness. And critically, nor is any third-party witness in Massachusetts or subject to its subpoena power. (*Id.*, 1, 6, 10-13.) That Cisco also has relevant documents, in California, again makes its proposed transfer to Massachusetts comparable to or even weaker than in *Vicor* and *Vistaprint*. (*Id.*, 4-8, 13-14.)

I. **The Law Does Not Mandate "Co-pending" Cases to Show Judicial Economy.**

Cisco's reply now offers a different point of emphasis. It argues essentially that the Federal Circuit cases set forth a rule not met here; namely, an alleged rule that the "judicial economy" factor counts against transfer only if the Court has another "*co-pending*" case on that same patent. (D.I., 31, Cisco Reply 1-2.) But Cisco's "co-pending" argument contradicts and confuses the Federal Circuit's broad judicial-economy *principles* with the *application* of those principles in particular cases. Two such principles bear mention. The first is that, generally speaking, there are few "bright-line" or "ironclad" rules in this multi-factor § 1404 analysis, contrary to the alleged "co-pending" requirement that Cisco tries to tease out from the case law.[1] The second is whether a court's consideration of the same patent-in-suit was more than "negligible," the purpose being that a court's prior or pending involvement may save judicial resources because it would not have to re-familiarize itself with that patent in a new case.[2] To briefly recap, then: in *Vicor*, this "negligible" standard was met—and a transfer to Massachusetts denied—when this Court had previously considered the same *Vicor* patent through pre-trial and trial and another judge on the Court was handling a post-trial matter in that same case. (SSL Br. 6-9.) In *Verizon*, by contrast, a lone claim construction in an earlier case did not meet this standard, because that prior *Markman* ruling happened many years ago. (*Id.*)

Properly viewed, then, the Federal Circuit's cases and this Court's *Citrix* record rebuff Cisco's attempt to downplay the "paramount" role of judicial economy. To begin with, *Vicor*

---

[1] SSL Br. 8; *Vistaprint*, 628 F.3d at 1345-47; *In re Verizon*, 635 F.3d 559, 562 (Fed. Cir. 2011).

[2] *E.g.*, SSL Br. 8 & notes 23-26 (citing cases); *accord* Cisco Br. 13-14 (recognizing "negligible" rule)).

itself shows there is no "ironclad" rule for another "co-pending" litigation, given that the judicial economy in that case all stemmed from a single prior litigation. (*E.g.*, SSL Br. 6.) Likewise, it cannot be the law that all of this Court's *Citrix* work counts for naught on judicial economy simply because *Citrix* recently ended. Were it still "pending," Cisco's alleged rule would be met. This Cisco argument thus erroneously elevates a non-existent rule over the paramount purpose of judicial economy, *see* p. 1 & note 2, *supra*, and again mistakes the "negligible" rule for its application in cases such as *Vistaprint*. Indeed, this Court's recent consideration in *Citrix* of the same patent and technology was more than "negligible." (SSL Br. 6-7.) Indeed, that *Citrix* consideration exceeds the two points that *Vistaprint* cited as sufficient "judicial economy" to deny transfer, namely, a lone prior claim construction and the fact of a "co-pending case." 628 F.3d at 1344-47. Thus, this Court's *Citrix* work would allow it "to best preside over this action without the 'wastefulness of time, energy and money that § 1404 was designed to prevent.'"[3] And it would avoid forcing another court "to spend significant resources to familiarize [itself] with the patent[], prosecution history, claim construction, and other issues in [this] case." (SSL Br. 8) (quoting cases). "[T]his judicial economy alone" dooms Cisco's motion. (*Id.*, 1, 6-9.)

      Cisco otherwise reiterates in passing another argument on judicial economy, one that the case law has already rejected. Says Cisco, there is also no judicial economy stemming from the prior *Citrix* case, because "the [*Citrix*] products … are not at issue here." (Cisco Reply 2.) To the extent Cisco means its products differ from those in *Citrix*, it has no explanation or evidence to prove this assertion. And in any event, it is hardly the time, here at the outset of this case, to determine whether Cisco's products differ in any relevant way from those in *Citrix* and, for that matter, whether they fall outside the scope of SSL's '011 claims. Moreover, judicial economy does not require a "complete identity of issues" between *Citrix* and this case, let alone any "ironclad" rule for having identical products in both cases. Rather, this factor considers if "there will be significant overlap" between the cases and thus "a familiarity with the patent[] [that]

---

[3] SSL Br. 8; *Kroy*, 2014 U.S. Dist. LEXIS 138047, at *11-12 (quoting *Volkswagen*, 566 F.3d at 1351).

could preserve time and resources."[4] As the Federal Circuit has held, that "significant overlap" exists when, like here, the prior and new case both involve the "same patent."[5]

## II. Cisco's Pinprick Arguments on the *Citrix* Record are Irrelevant.

Rather than acknowledge the extent of this Court's prior consideration of the '011 Patent in *Citrix*, Cisco nit-picks at select *Citrix* non-events. It says, for example, that nothing shows this Court in *Citrix* did anything to "alter[ ] the claim construction rulings entered by Judge Ward." (Cisco Reply 3.) But the Court need not have so "altered" an earlier claim construction in order to count all of its pretrial, trial, and post-trial work as currency for the judicial-economy meter. Nor is it significant for judicial-economy purposes that a different judge of this Court had handled *Markman* in the prior *Citrix* litigation, as the case law and SSL's brief explain. (SSL Br. 10 & n.30.) As illustrated in *Vicor* and other cases, the point here is that the substantial time and resources this Court spent on *Citrix* highlight both that it is well familiar with the '011 Patent and issues relating thereto—and conversely, that a Massachusetts court would have to waste substantial time and energy learning all of these subjects from the ground up. (*Id.*, 6-9.)

In the same way, Cisco says the *Citrix* "public record" suggests this Court did not consider whether the '011 Patent's reexamination affected its claim-construction rulings. (Cisco Br. 3-4.) It concludes that this Court would thus have to "familiarize itself with" this reexamination "for the first time" in this case. (*Id.*) In so doing, Cisco *sub silentio* retreats from its opening brief's assertions that the Court did not and even could not have considered this '011 reexamination in *Citrix*. (*See* Cisco Br. 6, 14.) That assertion was wrong, moreover: the law allows a Court to change its claim construction at nearly any time after its *Markman* ruling, including at trial.[6] Unsurprisingly, then, the *Citrix* defendants could and did try to use the '011 reexamination *after* the Court's claim-construction opinion. (SSL Br. 2-3, 9-10.) And indeed,

---

[4] *Volkswagen III*, 566 F.3d 1349, 1351 (Fed. Cir. 2009).

[5] *EMC Corp.*, 501 Fed. Appx. 973, 976 (Fed. Cir. Jan. 30, 2013) (judicial economy considers whether court addressed same patent in prior case); *Vistaprint*, 628 F.3d at 1344-46; *Vicor*, 493 Fed. Appx. at 61.

[6] *E.g.*, *Jack Guttman, Inc. v. Kopykake Enters.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002).

this Court repeatedly considered *Citrix* arguments concerning that reexamination, including in its published *Citrix* rulings. (*Id*.) And it considered arguments on how this reexamination pertained to claim construction, a fact that Cisco's Reply seems to confirm even while denying it.[7] The broader judicial-economy point here, however, is that this Court would not be "familiariz[ing] itself" with this '011 reexamination "for the first time." It has already done so.

### III. Massachusetts is Not "Far More Convenient"; No *Non*-Cisco Witness is There.

Last, Cisco's Reply does not and cannot squarely rebut the case law and facts that highlight the absence of having any party—or even a single SSL witness, expert, or third-party witness—based in Cisco's proposed venue. (SSL Br. 10-13.) These indisputable points cut hard against Massachusetts as a "far more convenient" forum. (*Id*.) Cisco also says nothing about the case law that discounts witness convenience when, like here, Cisco is merely relying on its own "current employees" in Massachusetts. (Id., 11 & notes 35-36.) And the three "convenience" points Cisco does address are belied by law and Cisco itself. One, Cisco references its Texas and Richardson offices, saying they are "irrelevant." (Cisco Reply 5.) But Cisco itself made these Texas offices relevant, admitting that it has documents on the accused products in California, but arguing it could have them "accessed" by its Massachusetts office. (Cisco Br. 1, 5, 8.) By the same measure, so too could Cisco have those California documents "accessed" by its Texas offices. Two, Cisco asserts the location of its California headquarters is not "relevant"—an assertion precedent refutes.[8] Three, Cisco accuses SSL of trying "to place relevant documents in California." (Cisco Reply 5.) But Cisco repeatedly admits it has documents on the "technical design and operation of the accused [Cisco] products" in California. (Cisco Br. 1, 5, 8.) That Cisco represents it has relevant documents in Massachusetts, too, does not render the California documents irrelevant. It merely underscores, again, that Cisco falls well short of showing that Massachusetts is "far more convenient" than this Court. It is not.

---

[7] *See, e.g.,* Cisco Reply 4 (describing Citrix argument on reexamination and claim construction).

[8] *E.g., Vicor*, 493 Fed. Appx. at 60-61; *In re Zimmer Holdings*, 609 F.3d 1378, 1391 (Fed. Cir. 2010); *In re Morgan Stanley*, 417 Fed. Appx. 947, 948 (Fed. Cir. 2011)); *Genentech, Inc*., 566 F.3d at 1348.

Date:   August 4, 2015  Respectfully submitted,

*/s/ R. William Sigler*
Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler (*pro hac vice*)
*bill.sigler@fischllp.com*
Jennifer K. Robinson (*pro hac vice*)
*jennifer.robinson@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Fourth Floor
Washington, DC 20015
(202) 362-3500

David M. Saunders (*pro hac vice*)
*david.saunders@fischllp.com*
S. Desmond Jui (*pro hac vice*)
*desmond.jui@fischllp.com*
FISCH SIGLER LLP
96 North Third Street
Suite 260
San Jose, CA 95112
(650) 362-8200

Harry "Gil" Gillam
*gil@gillamsmithlaw.com*
Melissa R. Smith
*melissa@gillamsmithlaw.com*
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
(903) 934-9257

*Attorneys for Plaintiff SSL Services, LLC*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on August 4, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Texas, Marshall Division, via the CM/ECF system, which will send a notice of filing to all counsel of record who have consented to service by electronic means.

                                                      */s/ R. William Sigler*
                                                      R. William Sigler