# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| SSL SERVICES, LLC, | § § § | |
| Plaintiff, | § § | Case No. 2:15-cv-00433-JRG |
| v. | § § | |
| CISCO SYSTEMS, INC., | § § | **ORAL HEARING REQUESTED** |
| Defendant. | § § § § | |

**PLAINTIFF SSL SERVICES, LLC'S OPPOSITION TO DEFENDANT CISCO SYSTEMS, INC.'S MOTION TO STAY PENDING DECISION ON DEFENDANT'S MOTION TO TRANSFER VENUE TO THE DISTRICT OF MASSACHUSETTS**

**INTRODUCTION**

In seeking to stay this case, Cisco argues that (1) it has a pending § 1404 motion to transfer venue and (2) Plaintiff SSL could not suffer any prejudice as a consequence because it is a non-practicing entity. Cisco is incorrect on both counts. This Court's Local Rules and case law hold that motions to transfer are "specifically identified by Local Rule CV-26(a) as *not* warranting a stay of discovery."[1] And it has repeatedly rejected stay motions founded on the notion that a non-practicing entity would suffer no prejudice on account of such a stay.[2] Moreover, Cisco's tactical request to delay this case would indeed unfairly prejudice SSL's ability to timely enforce its '011 Patent rights, particularly in view of the judicial economy and other factors that cut against Cisco's underlying transfer motion. And as with other cases in which this Court has denied a stay, the Court here has already set a scheduling order, the parties have already exchanged extensive infringement and invalidity contentions, and trial is set to occur in less than 11 months.[3] Beyond that, the parties' *Markman* exchanges are set to begin in three weeks and a *Markman* hearing will occur in little more than four months. For these reasons and more, Cisco's stay request should be denied.

**BACKGROUND**

Plaintiff SSL filed its complaint on March 25, 2015.[4] This Court previously addressed the '011 Patent in *SSL v. Citrix*.[5] In that case, this Court conducted a *Markman* hearing on the '011 Patent and construed more than 15 claim terms. The Court also considered the scope of the '011 Patent and various invalidity, infringement, and other issues in deciding several pretrial and summary-judgment motions. The Court then presided over a five-day jury trial in June 2012. After

---

[1] *GHJ Holdings, Inc. v. Plasticade Prods. Corp.*, No. 5:10-cv-220, Dkt. No. 53 at 2 (E.D. Tex. Sep. 7, 2011) (emphasis added); Local Civil Rule CV-26(a).

[2] *Parallel Networks LLC v. Netflix, Inc*., 2008 U.S. Dist. LEXIS 123563, *20 (E.D. Tex. Dec. 23, 2008); *Personal Audio LLC v. Togi Enter., Inc.,* 2014 U.S. Dist. LEXIS 182875, *7 (E.D. Tex. Aug. 1, 2014).

[3] *Affinity Labs of Texas v. Ford Motor Co.*, 2013 U.S. Dist. LEXIS 185623 at *6 (E.D. Tex. Sept. 19, 2013).

[4] Dkt. No. 1.

[5] *SSL Services, LLC v. Citrix Systems, Inc.*, No. 2:08-cv-158 (E.D. Tex.).

trial, the Court issued an extensive opinion on post-trial motions in April 2013. The Federal Circuit affirmed all of this Court's '011 Patent liability and damages rulings in 2014 and, on remand, this Court concluded the *Citrix* case in early March 2015—two weeks before SSL filed the present case against Cisco.

In this case, Cisco obtained a 30-day extension to respond to SSL's pleading, answered the complaint, and then moved to transfer venue to the District of Massachusetts on June 19, 2015. As explained in SSL's opposition, the majority of the applicable § 1404 transfer factors weigh against Cisco's motion, most notably the "paramount" consideration of judicial economy.[6] Indeed, as the Federal Circuit and this Court have repeatedly held, judicial economy alone may warrant the denial of a transfer.[7] The parties completed briefing on this transfer request in August 2015. During the briefing cycle, the Court held a scheduling conference, the parties engaged in Rule 26(f) discussions, and SSL disclosed and served over 470 pages of Patent Rule 3-1 and 3-2 contentions, as well as accompanying discovery. Shortly after the briefing on the Motion to Transfer closed, Cisco filed a request for *inter partes* review of the '011 Patent at the Patent Office.

The Court entered a Docket Control Order on August 17, 2015.[8] Per the Court's Order, the Claim Construction Hearing date was advanced from March 9, 2016, to the current date of February 25, 2016. Exchanges in preparation for the *Markman* hearing are set to begin in three weeks, on November 4, 2015. The Court has set a trial date of September 6, 2016.

On September 24, 2015, Cisco filed the subject Motion to Stay Pending Decision on its Motion for Transfer.[9] In the intervening two months since Cisco first moved to change venue, discovery has continued to progress, with Cisco also serving its Patent Rule 3-3 and 3-4 disclosures

---

[6] *E.g.*, Dkt. No. 25 at 5-13 (citing, describing, and applying § 1404 precedents).

[7] *Id.*; *accord Lodsys, LLC v. Brother Int'l Corp.*, 2013 WL 1338767, at *13, n.1 (E.D. Tex. Jan. 14, 2013) ("The Court may deny Motions to Transfer Venue based solely on judicial economy") (citing *In re Vistaprint Ltd.*, 628 F3d 1342, 1345-47 (Fed. Cir. 2010)) (Gilstrap, J.).

[8] Dkt. No. 44.

[9] Dkt. No. 50.

and accompanying discovery. The parties are currently preparing their claim construction positions and SSL is prepared to continue discovery.

**ARGUMENT**

As the party seeking a stay, Cisco bears the burden of showing that such a course is warranted.[10] To resolve a motion to stay, "courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation."[11] Among other things, this Court thus considers (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party (SSL); (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set.[12]

Cisco seeks to delay the progress in this case based solely on its pending Motion to Transfer. But a stay lies within the discretion of the Court, and is not a matter of course solely because a motion to transfer has been filed.[13] Indeed, this Court has held that motions to transfer are "specifically identified by Local Rule CV-26(a) as *not* warranting a stay of discovery."[14] Local Rule 26(a) provides that "[a]bsent court order to the contrary, a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, *or to change venue*." Accordingly, courts in this District and elsewhere routinely deny motions to stay discovery until resolution of pending motions to transfer venue.[15]

---

[10] *Unifi Sci. Batteries, LLC v. Sony Mobile Commns. AB,* 2014 U.S. Dist. LEXIS 129388 at * 7 (E.D. Tex. Jan. 14, 2014) (citing *Landis v. N. America*, 299 U.S. 248, 255 (1936)).

[11] *Trover Grp. Inc. v. Dedicated Micros USA*, 2015 U.S. Dist. LEXIS 29572, *6 (E.D. Tex. Mar. 11, 2015).

[12] *Soverain Software LLC v. Amazon.com, Inc.,* 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).

[13] *E.g., Unifi Sci. Batteries,* 2014 U.S. Dist. LEXIS 129388 at * 7.

[14] *GHJ Holdings*, No. 5:10-cv-220, Dkt. No. 53 at 2 (denying motion for stay of discovery until after resolution of pending motions to dismiss and to transfer, citing Local Civil Rule CV-26(a)).

[15] *E.g., GHJ Holdings,*, No. 5:10-cv-220, Dkt. No. 53 at 2; *Emanuel v. SPX Corp.*, No. 6:09-cv-220, Dkt. No. 20 (E.D. Tex. Jul. 2, 2009) (denying request to stay discovery pending the Court's ruling on motion to transfer venue); *Thurmond v. Compaq Computer Corp.*, 2000 U.S. Dist. LEXIS 22718, at *12 n.4 (E.D. Tex. Feb. 28, 2000) ("Compaq has filed *Compaq's Motion to Stay Initial Disclosures* 'pending the Court's ruling on Compaq's Motion to Dismiss, Motion to Transfer Venue, Motion for Recusal, and Motion for More Definite Statement' … this Court fails to see why Compaq rises above this Court's Local Rules-

Further, arguments for a stay "carr[y] little force when, as here, the majority of [§ 1404] factors weigh against transfer."[16] And "in all cases before it, the Court places great importance on going to trial on the date set in the scheduling order unless extraordinary circumstances arise."[17] Here, Cisco requests a stay not only of discovery, but of all proceedings, without offering any compelling reason for the Court to deviate from its normal practice. Indeed, as this Court has held, "judicial economy is best preserved by moving forward with the entirety" of the litigation.[18] As demonstrated below, none of the applicable factors weigh in favor of Cisco's requested stay.

## I. Cisco's Request for a Stay is an Attempt to Gain a Tactical Advantage That Will Only Unduly Prejudice SSL.

As to the first factor, a stay would unduly prejudice SSL. Indeed, Cisco overlooks this Court's pronouncement that all patent holders are equal under the law. It is of no import that SSL is a non-practicing entity that does not compete with Cisco, despite Cisco's argument to the contrary.[19] This Court has made clear that a patent holder "has an interest in timely enforcing its patents. This remains true regardless of whether the parties' products directly compete."[20] Similarly, a patentee's "status as a non-practicing entity has no bearing on whether it will be

---

specifically Local Rule CV-26(a) ('. . . A party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.')").

[16] *E.g., Innovative Automation, LLC v. Audio Video*, 2012 WL 10816848, at *8 (E.D. Tex. May 30, 2012).

[17] *Soverain*, 356 F. Supp. 2d at 663.

[18] *See, e.g., Innovative Automation*, 2012 WL 10816848, at *12.

[19] Cisco Motion to Stay at 2. Cisco cites *Black Hills Media v. Samsung*, 2:13-cv-379 (E.D. Tex. Mar. 17, 2014) to argue that SSL would not be prejudiced by a stay. In *Black Hills Media*, however, there was no prejudice because the plaintiffs had created circumstances ripe for a motion to stay with the timing of their complaint. Further, the Court there noted that the plaintiffs did not compete with defendants in the context of rejecting plaintiffs' argument that it had a legal duty to its licensees to pursue the litigation. Thus, Cisco's attempted use of this specific analysis to create a general rule that a non-practicing entity cannot be prejudiced by a stay is unfounded and contrary to this Court's case law.

[20] *ThinkOptics, Inc. v. Nintendo of Am., Inc.*, 2014 U.S. Dist. LEXIS 128450 at *5 (E.D.Tex. Feb. 27, 2014); *Ambato Media, LLC v. Clarion Co., Ltd,* 2012 U.S. Dist. LEXIS 7558 at *5 (E.D. Tex. Jan. 23, 2012) (finding stay would prejudice patentee even though defendant discontinued some of its accused products).

4

prejudiced by a stay because every patentee has equal rights under the law to enforce his patent rights."[21]

And because SSL has a recognized interest in timely enforcing its patent rights, a stay would unduly prejudice SSL. First, it would undermine SSL's ability to "secure the just, speedy, and inexpensive determination" of its action as required by Rule 1 of the Federal Rules of Civil Procedure. As explained in part II below, a stay pending resolution of Cisco's Motion for Transfer would not simplify the case's merits issues or obviate the need for discovery. Accordingly, a stay would serve no purpose but to delay the case's timely resolution.

Moreover, a stay would deprive SSL of the opportunity to have its patent enforced efficiently and consistently. This Court recently addressed the '011 Patent in *SSL v. Citrix* through extensive pre-trial, trial and post-trial proceedings.[22] It has already construed 15 claim terms of the '011 Patent in its *Markman* opinion in that case, and has considered issues regarding the scope and validity of that Patent, among other issues. As explained in SSL's briefing opposing Cisco's Motion to Transfer, this experience will allow the Court to preside over this case without needing to devote substantial time and resources so as to familiarize itself anew with the patent and technology.[23] A stay would only diminish these benefits.

While a stay thus "presents a clear tactical disadvantage" to SSL, it provides the exact opposite for Cisco. To be sure, Cisco's Motion to Transfer and accompanying stay strategy are fundamentally an attempt to seek an unfair tactical *advantage* of removing this case from a court that has already handled, from soup to nuts, the exact same SSL patent rights at issue in this case.

---

[21] *Parallel Networks*, 2008 U.S. Dist. LEXIS 123563 at *20; *see also Personal Audio,* 2014 U.S. Dist. LEXIS 182875 at *7 ("Defendants also argue that 'a stay will not prejudice Plaintiff since it is a non-practicing entity and does not compete with any of the Defendants.' … However, as Defendants acknowledge later in their briefing, the mere fact that Personal Audio is not currently practicing the patent does not mean that, as a matter of law, it is not prejudiced by a substantial delay of an imminent trial date."); *Unifi Sci. Batteries,* 2014 U.S. Dist. LEXIS 129388, at *10 (holding that a non-practicing patentee "has a recognized interest in the timely enforcement of its patent rights" and denying the motion to stay).

[22] *See* Dkt. No. 25 at 2-4 for a detailed account of the *SSL v. Citrix* case.

[23] *Id*. at 6-8.

5

This is all the more apparent given the fact that Cisco seeks to delay a resolution of this case via a transfer to Massachusetts, where the average litigation time is indisputably slower, and to simultaneously halt the proceedings in this Court, where trial is scheduled to occur in less than 11 months.[24] Thus, the first factor weighs against Cisco's stay request.

## II. Granting a Stay Will Not Dispose of Issues Or Eliminate the Need for Discovery.

As to the second factor, a stay would neither affect the merits of the case nor conserve resources. Indeed, a stay provides no real saving of party or judicial resources because, even if the case is ultimately transferred, all discovery would still be equally necessary in Massachusetts. As such, a stay would accomplish nothing but delay the case no matter which court ultimately hears it. Not surprisingly, then, this Court and others have held that a motion to stay pending the resolution of a transfer motion "is an effort to delay the disposition of the case on the merits, either in this court or any transferee court, as the merits-related discovery may be used in either forum."[25]

By contrast, denying the stay would help advance the merits of the case and its ultimate resolution. After all, as this Court has already addressed the patent-in-suit through *Markman*, pre-trial, trial and post-trial proceedings, maintaining the case in this Court and efficiently continuing the litigation will help simplify the issues and prepare both the parties and the Court for trial. This will bring the parties closer to an ultimate outcome as opposed to needlessly delaying the case and a resolution of the parties' claims. Thus, the second factor also weighs against Cisco's stay motion.

---

[24] For the 12-month period ending March 31, 2015, the median time from filing to a civil trial in Massachusetts was 29.1 months, with a median average of 30.1 months over the last six years. In this Court, it was only 22.9 months, with a median average of 23.2 months over the last six years. Dkt. No. 25 at 14.

[25] *Software Rights Archive, LLC v. Google, Inc.*, No. 2:07-cv-511, Dkt. No. 288 (E.D. Tex. May 26, 2010); *see also Chavarat v. NMP, LLC*, 2009 U.S. Dist. LEXIS 96083, at *6-7 (S.D. Ohio Sept. 30, 2009) ("Thus, granting the defendants' motion would not really save them any resources in the long run, but would delay the ultimate resolution of the case in this Court, should it remain here, and might have a similar effect on any [other court where the] case [is] filed.").

### III. A Trial Date Has Been Set and the Status of the Case Favors a Denial of a Stay.

As to the third factor, this Court has already entered a scheduling order and set a trial date of September 6, 2016, less than 11 months away.[26] The *Markman* hearing is set to occur in little more than four months, with the *Markman* briefing and exchanges set to begin in three weeks.[27] Discovery is not complete, but has been ongoing since July. The parties have already exchanged their respective Patent Rule disclosures and accompanying discovery. The current status of the case thus mirrors or even exceeds that of *Affinity Labs of Texas v. Ford Motor Company*, in which this Court denied a motion to stay when a trial date had been set, the attorneys had participated in a Rule 26(f) conference, a scheduling order had been entered, and the parties had exchanged infringement and invalidity contentions.[28] Thus, this third factor also cuts against Cisco's stay demand.

### CONCLUSION

Cisco has not met its burden to demonstrate that a stay is warranted. Rather, as demonstrated above, the opposite is true. Cisco's request for a stay is part of an overall strategy to gain a tactical advantage by removing this case from this Court, which has already handled, from beginning to end, the exact same SSL patent rights. Cisco's request should not be granted, as it unduly prejudices SSL. It will not simplify the issues in this case and will only serve to delay its resolution. Accordingly, SSL respectfully requests that the Court deny Cisco's Motion to Stay.

---

[26] Dkt. No. 44.

[27] *Id.*

[28] 2013 U.S. Dist. LEXIS 185623 at *6 (E.D. Tex. Sept. 19, 2013).

Dated: October 13, 2015

Respectfully submitted,

 /s/ R. William Sigler
Alan M. Fisch
*alan.fisch@fischllp.com*
R. William Sigler (*pro hac vice*)
*bill.sigler@fischllp.com*
Jennifer K. Robinson (*pro hac vice*)
*jennifer.robinson@fischllp.com*
FISCH SIGLER LLP
5301 Wisconsin Avenue NW
Fourth Floor
Washington, DC 20015
Tel: (202) 362-3500

David M. Saunders (*pro hac vice*)
*david.saunders@fischllp.com*
Desmond Jui (*pro hac vice*)
*desmond.jui@fischllp.com*
FISCH SIGLER LLP
96 North Third Street
Suite 260
San Jose, CA 95112
Tel: (650) 362-8200

Harry Lee Gillam, Jr.
*gil@gillamsmithlaw.com*
Melissa Richards Smith
*melissa@gillamsmithlaw.com*
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, TX 75670
Tel: (903) 934-8450

*Attorneys for SSL Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2015, the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email upon counsel of record.

                                                  By: */s/ R. William Sigler*
                                                  R. William Sigler