# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| SSL SERVICES, LLC, | § | |
| | § | |
| v. | § | Case No. 2:15-cv-433-JRG-RSP |
| | § | |
| CISCO SYSTEMS, INC. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Cisco's Motion to Stay Pending *Inter Partes* Review. (Dkt. No. 89; "Motion to Stay"). Plaintiff SSL opposes the Motion to Stay. *See* (Dkt. Nos. 93, 97, 115).

## I. LAW

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Gonzalez v. Infostream Grp., Inc.*, Case No. 2:14-cv-906, Dkt. No. 45 (E.D. Tex. Mar. 2, 2015). In particular, the question whether to stay proceedings pending inter partes review of a patent is a matter committed to the district court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (request for stay pending inter partes reexamination). A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Techs. LLC v. HTC Am., Inc.*, Case No. 2:13-cv-1058-WCB, Dkt. No. 152, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015); *see also Evolutionary Intelligence, LLC v. Millennial Media, Inc.*, No.

5:13-cv-4206, 2014 WL 2738501 (N.D. Cal. June 11, 2014); *see also 3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc.*, No. 6:14-cv-162, 2015 WL 179000, at *1 (E.D. Tex. Jan. 14, 2015).

"District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs.*, 2015 WL 1069111 at *2 (E.D. Tex. Mar. 11, 2015). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

## II. ANALYSIS

SSL served its complaint on Cisco March 27, 2015. (Dkt. No. 13). About five months later, August 18, 2015, Cisco filed its petition for *inter partes* review ("IPR") requesting review of the sole asserted Patent.[1] IPR2015-01754 at Paper No. 2. The Patent Trial and Appeal Board ("PTAB") subsequently instituted review on all asserted claims February 23, 2016. *Id.* at Paper No. 9. Cisco moves to stay this case pending resolution of the IPR proceedings. (Dkt. No. 89).

### A. Undue Prejudice

Cisco argues SSL will not suffer prejudice because SSL does not practice the patent-in-suit, because SSL is seeking only money damages, and because "SSL and its predecessor-in-interest chose to wait over a decade after it first contacted Cisco before filing this lawsuit." (Dkt. No. 89 at 5).

SSL argues it would suffer prejudice from a stay. SSL cites its "interest in the timely enforcement of its patent rights" and the risk that "witnesses may become unavailable, their

---

[1] Patent No. 6,158,011.

memories may fade, and evidence may be lost while the PTO proceedings take place." (Dkt. No. 93 at 11–13).

Although SSL may suffer some prejudice from delay in enforcing its patent rights, the plaintiff's interest in the timely enforcement of its patents is "present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion." *NFC Techs*, Dkt. No. 152 at 5. Where a plaintiff seeks only money damages, a "stay will not diminish the monetary damages to which [plaintiff] will be entitled if it succeeds." *VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1318 (Fed. Cir. 2014).

The prejudice factors SSL cites are present in every patent case. Absent a showing of any case-specific prejudice, this factor is neutral.

## B. Stage of Proceedings

SSL argues the stage of these proceedings weighs against a stay. In particular, SSL notes the proximity to trial and Cisco's alleged delay in filing its IPR petition and Motion to Stay. (Dkt. No. 93 at 7–10).

SSL is correct that this case is at a relatively late stage. Claim construction has taken place and trial is set for September 6, 2016. (Dkt. No. 104). But this case is not yet on the eve of trial—expert discovery is ongoing and the deadline to file dispositive motions and motions to strike has not yet passed. (*Id.*). Nonetheless, the late stage of this case weighs against a stay.

SSL also argues that Cisco was not diligent in filing its IPR petition and that Cisco's pattern of motion practice has been dilatory. Cisco filed its IPR petition less than five months after it was served with the complaint. A delay of less than five months generally constitutes reasonable diligence. *See NFC Techs*, Dkt. No. 152 at 7 ("[g]iven the complexity entailed in

seeking *inter partes* review, a delay of seven and one-half months from the filing of the complaint is not unreasonable").

SSL also contends that Cisco's Motion to Stay is part of a pattern of seriatim motion practice and intentional delay. SSL cites the fact that Cisco previously filed a Motion to Transfer Venue and a Motion challenging the sufficiency of SSL's infringement contentions. SSL also argues Cisco should have moved to stay "concurrent with the filing" of the IPR petition or "soon thereafter."

Although the Court denied Cisco's Motion to Transfer and Motion to Compel Amended Infringement Contentions (Dkt. No. 83) the Court does not find that the filing of these motions weighs against a stay. There is no reason to conclude that these motions had any effect on the timing of Cisco's IPR petition and Motion to Stay. Moreover, it was not improper for Cisco to wait until the PTAB instituted IPR before filing its Motion to Stay. This Court, following Federal Circuit precedent, has held that it is appropriate in many cases to deny without prejudice a motion to stay that is filed before the PTAB has instituted IPR. *See Uniloc USA, Inc. v. Autodesk, Inc.*, Case No. 2:15-cv-01187-JRG-RSP, Dkt. No. 54 (E.D. Tex. May 13, 2016) (citing *VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1316 (Fed. Cir. 2014) ("some district courts . . . [have] denied as premature the motion to stay without prejudice to refiling after institution of post-grant review")). It is unlikely the Court would have granted a motion to stay prior to the PTAB's institution decision. It was reasonable for Cisco to wait for the PTAB to institute IPR before filing its Motion to Stay.

The Court finds that Cisco was reasonably diligent but concludes that the advanced stage of this case weighs against a stay.

### C. Issue Simplification

Finally, the Court considers the extent to which a stay would simplify the issues in the case. When IPR is instituted on all asserted claims and when all defendants are bound by the estoppel provisions of 35 U.S.C. § 315, this factor generally favors a stay: "since the circuit court's decision in *VirtualAgility*, courts have been nearly uniform in granting motions to stay proceedings in the trial court after the PTAB has instituted *inter partes* review proceedings." *NFC Techs*, Dkt. No. 152 at 12.

SSL argues in its Supplemental Brief that evidence of Cisco's prior beliefs and conduct undermine the obviousness arguments on which Cisco's IPR is predicated. (Dkt. No. 115) ("Cisco contends [in IPR] that one of ordinary skill would have combined the ideas found in Alden with the ideas found in Takahashi to create a Winsock interceptor, thus satisfying the 'shim' limitation of the '011 patent. But, ten years before Cisco's lawyers made this argument to the Patent Office, Cisco's engineers rejected the exact same concept."). SSL's Supplemental Brief cites documents and deposition testimony to this effect, and contends that this evidence substantially reduces Cisco's chances of success at the PTAB. While evidence of Cisco's conduct is surely relevant to, *e.g.*, secondary considerations of non-obviousness, such evidence is extrinsic to both the patent and the prior art references at issue. This evidence may be persuasive but it is not alone dispositive. SSL is free to cite this evidence to the PTAB (and apparently has done so), but the Court will not rely on this extrinsic evidence to second-guess the PTAB's determination that Cisco has shown a "reasonable likelihood . . . that claims 1–7 of the '011 Patent are unpatentable." IPR2015-01754 at Paper No. 9.

If Cisco prevails in the IPR, then one or more asserted claims will be invalidated and eliminated from this case. To the extent claims are not invalidated, the IPR proceeding will remove prior art from this case under the estoppel provisions of 35 U.S.C. § 315(e)(2).

Accordingly, the Court finds there is a high likelihood of issue simplification in this case. This factor weighs heavily in favor of a stay.

## III. CONCLUSION

Cisco's Motion to Stay Pending IPR (Dkt. No. 89) is **GRANTED** and this case is **STAYED**. The Parties are directed to submit a joint motion on the status of the case no later than **TEN DAYS** after the PTAB issues a final written decision in IPR2015-01754.

**SIGNED this 27th day of June, 2016.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE